CHARLES J. SCHUCK, Judge.
Claimant seeks refund of $322.28 for the year 1943 and $352.55 for the year 1944, making a total of $674.83, representing overpayment of its business and occupation (gross sales) taxes for the two years in question. The state admits the payments and their amounts as correct, but objects to the refund on the ground that the statute of limitations bars recovery, since no action was commenced by claimant within two years of the time the several payments had been made. That the state was not entitled to any of the payments made at the time they were received is admitted and the only question for our consideration is whether the payments of the tax having been made within less than five years prior to the filing of this claim, claimant should have the overpayments refunded or whether refund of the amount should be refused on the ground that no claim or petition was filed or presented, within two years after the payments had been made, as provided by code ll-l-2a.
During the war years claimant was obliged to pay to the *140 Defense Supplies Commission, a federal agency created for the purpose of taking care of excess transportation costs in the oil industry occasioned by land shipments of oil rather than by the cheaper method of shipping by water, and rather than pass the increased costs to the consumer directly, claimant was obliged by the said federal commission to collect and turn over to the commission the excess amounts so collected and as then required by the state tax commissioner to pay the gross sales tax to the state of West Virginia on said excess collections, notwithstanding that claimant received no benefit whatever from such excess sales. In due time the matter was called to the attention of the state tax commissioner, who ruled that claimant was not required under the law to pay a tax on the said excess costs and at the time made a refund of $180.14, refusing, however, to refund any other overpayments on the ground that such repayments were barred by the statute of limitations (two year rule). A similar quesiton was presented to this court in re the claim of Eastern Coal Sales Company, a corporation, v. State Tax Commissioner, decided September 17, 1947, a majority of the court holding that the statute giving the court of claims the right to hear and determine a claim for refund of erroneously paid taxes, filed within five years after said erroneous payment, governed as against the two-year statute of limitations referred to and relied upon by the state.
The act creating the court of claims allowing a claim to be filed within the five-year period also contains the following language:
“Sec. 13. . . . 1. Claims and demands, liquidated, and unliquidated, ex contractu and ex de-licto, against the state or any of its agencies which the state as a sovereign commonwealth should in equity and good conscience discharge and pay.”
What is the significance of the language so employed? What does the term or phrase “equity and good conscience” as set forth in the act really mean? Is the language *141 susceptible of several interpretations or are we restricted in its application when confronted with the merits of a claim such as we have under consideration? In its general signification the term “equity and good conscience” must denote the spirit and habit of fairness, justice and right dealing, which would regulate the intercourse of men with men, simply the rule of doing to all others as we desire them to do to us; as Justinian has said, “To live honestly, to harm nobody and render to every man his due.” The term or phrase is the synonym of the natural right of justice. In this sense its obligation is ethical rather than jural and it belongs rightfully in the sphere of morals and therefore in the realm of moral obligations.
The facts presented show conclusively a moral obligation on the part of the state to refund the amount of the tax erroneously paid, and the Legislature having definitely fixed the period of five years, during which claims could be presented and prosecuted, to the definite exclusion of any other statute of limitations, we feel we are bound by such provision and make an award accordingly in favor of the claimant in the amount of six hundred seventy-four dollars and eighty-three cents ($674.83), and recommend that an appropriation by the Legislature be made to cover the said refund or overpayment of the said tax.